A. THERON DOTY *et al.*

*v.*

JOHN A. COLTON, for use, etc.

90  453
158  282
90  453
167  620
:67  621
90    453
f93a  ² 93

1. CAPIAS AD SATISFACIENDUM—*affidavit.* An affidavit for a *capias ad satisfaciendum* upon a judgment, which sets forth, in detail, such facts as show the defendants had property liable to execution in favor of the plaintiff, and fraudulently concealed and withheld the same after demand, is sufficient to authorize the issuing of the writ.

2. AMENDMENT—*of affidavit for ca. sa.* The circuit court, in its discretion, may permit the amendment of an affidavit for a *capias ad satisfaciendum* as to matters of form. A mistake as to the date in the *jurat,* and a failure of the notary administering the oath to affix his seal, may be corrected under leave of the court, by stating the true date and attaching the officer's seal.

3. The statute allowing amendments in judicial proceedings is liberal, and was, no doubt, intended to embrace everything of a merely formal character that will promote the ends of justice.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. SAWIN & JONES, and Mr. D. W. C. CASTLE, for the plaintiffs in error.

Mr. J. F. FARNSWORTH, for the defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

Plaintiff recovered a judgment in the Superior Court against defendant, in an action of assumpsit. Afterward, on the affidavit of the party for whose use the suit was brought, a *capias ad satisfaciendum* was ordered and issued, upon which defendants were arrested and committed to the common jail of the county, but, as the record shows, they have long since been discharged by order of the county court. Before defendants were discharged, they entered a motion to quash the writ of *capias ad satisfaciendum,* for the reasons set forth: First, the affidavit, in substance, was not sufficient to warrant the issuing of the writ; second, the affidavit purported to have been

sworn to in June, nearly a month after the writ was, in fact, issued; and, third, the notary who administered the oath to affiant did not affix his official seal to his attestation.

As to the first point made, we are of opinion the affidavit sets forth, in detail, such facts as show defendants had property liable to the execution in favor of plaintiff, and fraudulently concealed and withheld the same after demand, and that was sufficient to authorize the issuing of the writ.

In the other respects indicated, the affidavit was, no doubt, defective in some merely formal matters, but plaintiff obtained leave of court for the notary to amend the *jurat* according to the fact as to the day on which the affidavit was sworn to, and, also, leave for the notary to attach his official seal to the attestation, which he did.

The amendments allowed were merely formal, and did not affect the substance of the affidavit. The mistake in the date of the attestation was a mere clerical error, apparent on the face of it, and the necessity for attaching the official seal arose under a recent statute, and was not observed by the officer. Our statute allowing amendments in judicial proceedings is quite liberal, and was, no doubt, intended to embrace everything of a merely formal character that will promote the ends of justice. After enumerating, specifically, "omissions, imperfections, defects and variances," when it is allowable to amend, it is then added: "all others of a like nature, not being against the right and justice of the matter in suit, and not altering the issues between the parties on the trial," may be supplied and amended by the court. By a subsequent section, the provisions of the act are extended, among others, "to writs of *mandamus* and prohibition, to all informations in the nature of *quo warranto*, to writs of *scire facias*, and the proceedings thereon."

Although there is no statute that expressly authorizes it, this court has sanctioned the amendment of an affidavit of claim by attaching the notary's seal to the attestation, and such an amendment was held to be allowable, in the discretion

of the court, under the provisions of the Practice act, to "enable plaintiff to sustain the action for the claim for which it was intended to be brought, or the defendant to make a legal defense." *Goldie* v. *McDonald*, 78 Ill. 605; *Pierson* v. *Hendryx*, 88 id. 34.

No reason is perceived why the amendments in the case at bar were not within the discretion of the court, under the statute allowing amendments in judicial proceedings. Not being "against the right and justice of the matter in suit," nor "altering the issues between the parties," the court was justified in allowing the amendments to be made. Any other rule would permit mere clerical mistakes and omissions to defeat the ends of justice.

The judgment will be affirmed.

*Judgment affirmed.*