In the matter of the Petition of WILLIAM ENNOR.

*Filed at Ottawa November 20, 1882.*

1. APPEAL—*what involved—judgment refusing to discharge debtor from
imprisonment.* Where one imprisoned for debt upon a charge of fraudu-
lently disposing of his property, and also for unjustly refusing to surrender
his property, had a trial of these questions before a jury in the county court,
resulting in a verdict of not guilty of fraud, but guilty of the other ground
of imprisonment, upon which the county court remanded him back to the
custody of the sheriff, and he appealed from the order remanding him, it
was *held,* that on the trial of the appeal the question of fraud was not before
the circuit court for investigation, but only the question of the refusal of the
debtor to surrender his property, and that it was error to admit evidence as
to the question of fraud, that not being involved, and having been settled by
the verdict in the debtor's favor.

2. IMPRISONMENT FOR DEBT—*proper judgment when debtor is found
not guilty on one charge and guilty of another.* On the trial of the issues
in the county court whether a debtor was guilty of fraudulently disposing
of his property, and was also guilty of unjustly refusing to surrender his
property in satisfaction of the judgment against him, the jury found the first
issue for him, and the second against him: *Held,* that the court might prop-
erly have entered two judgments, one discharging the debtor from the first
alleged cause of imprisonment, and remanding him on the second, which
thereafter, in case of no appeal by the creditor, would constitute the sole
ground of his detention. But a simple judgment remanding the debtor to
the custody of the officer will have the same effect, and an appeal by the
debtor from such order brings up for retrial only the cause of imprisonment
for which he was remanded, and the verdict of not guilty as to the charge of
fraud, unappealed from by the creditor, is conclusive on that charge, and it
can not be again tried on the debtor's appeal.

APPEAL from the Appellate Court for the Second District;
—heard in that court on appeal from the Circuit Court of
Jo Daviess county; the Hon. JOHN V. EUSTACE, Judge, pre-
siding.

At the September term, 1880, of the Jo Daviess county
court, William Ennor presented his petition, under the Insol-
vent Debtor's act of this State, for discharge from imprison-
ment in jail under a *ca. sa.* execution upon a judgment for

debt. The petition made the affidavit upon which the execution issued, a part thereof, which affidavit charged that Ennor had fraudulently disposed of his property, and had unjustly refused to surrender his property in satisfaction of the judgment. The petition averred that petitioner was not guilty of said charges, and asked for a jury to pass upon them. A jury having been impaneled for the purpose, returned a verdict finding petitioner not guilty of the charge of fraud, and guilty of unjustly refusing to surrender his estate in satisfaction of the judgment. After overruling a motion for a new trial by petitioner, the court entered the following judgment: "Now at this day comes the said William Ennor, by his attorneys, and the motion for a new trial in said cause heretofore made by said William Ennor having been heard by the court, the court overrules the said motion for a new trial; and the jury impaneled in said cause having by their verdict found the said William Ennor guilty of unjustly refusing to surrender his estate in satisfaction of the judgment, it is therefore ordered and adjudged by the court that said William Ennor be remanded into the custody of the sheriff of Jo Daviess county, Illinois."

Ennor appealed to the circuit court, and on trial there the jury returned a verdict finding him guilty of unjustly refusing to surrender his estate in satisfaction of the execution, and also found him guilty of fraudulently disposing of his property, with a design of hindering and delaying his creditors. A motion for a new trial having been made and overruled, the circuit court rendered judgment affirming the judgment of the county court, and remanding petitioner into the custody of the sheriff. On appeal, the Appellate Court for the Second District affirmed the judgment of the circuit court, and the case comes here for review.

Mr. R. H. CLELLAN, and Messrs. HODSON BROS., for the appellant.

Mr. M. G. JOHNSON, and Messrs. SPENSLEY & BAUM, for the contestant.

Messrs. D. & T. J. SHEEAN, for the appellant in reply.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

Upon the coming on of the trial in the circuit court, the counsel for the petitioner objected to the introduction of any testimony upon the first question, as to Ennor's fraudulently disposing of his property, for the reason that he had been tried on that charge in the county court and acquitted by a jury, and no appeal had been taken therefrom, and also asked the court to rule that there was but one issue to be tried by the jury, to-wit, whether Ennor had unjustly refused to surrender his property in satisfaction of the judgment; but the court overruled the objection to the introduction of testimony, and refused to rule as asked, to which exception was taken. The court then, against the objections of Ennor, admitted evidence to go to the jury upon both of said questions. This ruling of the court is assigned as error.

Section 5 of the Insolvent Debtor's act, under which this proceeding was commenced, provides that when any debtor is arrested or imprisoned for debt upon charge of fraud, or upon execution on the charge of refusal to surrender his estate for the payment of any judgment, he shall be entitled to have the question whether he is guilty of such fraud, or has refused to surrender his estate, tried by a jury. If the jury shall find the debtor not guilty of such fraud or refusal, as the case may be, the debtor shall be discharged from the arrest or imprisonment. If the debtor shall be found guilty of such fraud or refusal, he shall be remanded to the custody of the proper officer. The two questions, of fraud and refusal to surrender, were tried in the county court by a jury, who found a verdict of not guilty as to the first, and of guilty as to the last. We think that verdict was a conclusive determination

of the question of the fraudulent disposition of property, and that it was not open to inquiry in the circuit court. A verdict for the same cause of action between the same parties is absolutely conclusive. (1 Starkie on Evidence, 198.) Here is a verdict of not guilty upon a question. It has never been set aside, and there has been no appeal in respect of it. To litigate the same question over again would be against all legal principle. *Expedit reipublicæ ut sit finis litium.*

It is contended that the appeal brought up the whole original case, and that it was to be tried *de novo* in the circuit court, as if there never had been a trial in the county court. The statute does not provide for this. It directs that the circuit court shall proceed to hear and determine the matter, and at the request of either party impanel a jury to try the facts. Such matter and facts we understand to be those which are involved by the judgment, those upon which it rests for its support or defeat, and in this case it was the one cause of imprisonment for unjustly refusing to surrender property. The original imprisonment was upon the two charges made in the affidavit for the *ca. sa.*, of fraudulently disposing of property and unjustly refusing to surrender property. Under the statute the debtor was entitled to have the question of the truth or falsity of these charges tried by a jury. The trial was had, with a verdict of not guilty as to the charge of fraud, and of guilty as to the other charge. The statute provides, if the debtor be found not guilty he shall be discharged from the imprisonment; if found guilty he shall be remanded to the custody of the proper officer. The verdict of not guilty rendered not being set aside, and no appeal in respect of it, the debtor was discharged from imprisonment as to the charge of fraud, of which he was found not guilty, and that charge was thenceforth entirely eliminated from the case, and was as if it never had been made, and the debtor was remanded to custody upon the charge as to which he was found guilty,—that of unjustly

refusing to surrender property.    Thereafter that was the sole cause of imprisonment.    The order remanding into custody was for that cause, and so professed upon its face.    That was the order appealed from, and the sole cause for imprisonment to be tried in the circuit court was the unjust refusal to surrender estate.    It is as if separate judgments had been rendered upon the verdict,—as there well might have been,—one of discharge as to that cause of imprisonment where the finding was not guilty, and one remanding into custody as to that cause in respect of which the finding was guilty.    And if, in such case, an appeal from either one of the judgments had been taken, it must be conceded, we think, the matters and facts pertaining to the two judgments would have been different respecting different causes of imprisonment, and that on the trial of such appeal from one of the judgments in the circuit court, the matter and facts pertaining to the other would not be involved, and would be irrelevant.    Although there was in form but one judgment here, it was a judgment of imprisonment for the one cause of unjustly refusing to surrender property, and the appeal was from a judgment for that cause of imprisonment and on the verdict of guilty, and not from a judgment for the cause of imprisonment for fraud, rendered on the verdict of not guilty.    In order to a retrial of the question of fraud, the creditor himself should have taken an appeal.    Not having done so, we think that question was not at all involved upon the present appeal.

It is said by appellee's counsel, that even if there was properly but one issue before the circuit court, (that as to the refusal to surrender property,) yet as the judgment would be the same on one issue as it would be on both, to-wit, a remanding of the debtor to the custody of the sheriff, there was no prejudice done to the appellant by admitting proof on the issue of fraud.    Such proof was irrelevant.    Evidence not pertinent to the issue in the case should not be admitted, and the testimony here introduced for the purpose of show-

---

---

ing fraud was calculated to greatly prejudice appellant's case with the jury. We can by no means say that the error of admitting that testimony was a harmless one. The injurious character of the evidence was aggravated by the giving of instructions upon the question of fraud, as if it were an issue in the case.

For error in the ruling of the court, above mentioned, the judgment of the Appellate Court must be reversed and the cause remanded.

*Judgment reversed.*