272:34 LRA644n

## W. W. HUNTINGTON, Trustee,

*v.*

## WILLIAM G. METZGER.

*Filed at Ottawa October 11, 1895.*

1. CONSTITUTIONAL LAW—*what acts are not within the prohibition against imprisonment for debt.* Both refusal of a debtor to surrender his estate and his fraudulent disposition thereof with design to secure the same to his own use or defraud his creditors, are within the latter clause of section 12, article 2, of the constitution, providing that no person shall be imprisoned for debt "unless upon refusal to deliver up his estate for the benefit of his creditors in such manner as shall be prescribed by law, or in cases where there is strong presumption of fraud."

2. EXECUTIONS—*sufficiency of return as basis for capias against body.* A direction by the attorney for plaintiff for the return, unsatisfied, of an execution, will not render the return insufficient as a basis for a *capias*, under the statute, where the return shows the sheriff made efforts to collect the execution, demanded property, that the return is made because he is unable to find property, and that the writ was in the sheriff's hands eleven days before and five after demand.

3. SAME—*how want of jurisdiction to issue capias may be taken advantage of.*  Absence of jurisdiction to issue a *capias ad satisfaciendum*, because of the insufficiency of the affidavit and of the return of an execution against property, may be availed of in a proceeding for discharge, but the better practice is to move to quash the writ.

4. APPEALS AND ERRORS—*sufficiency of affidavit for capias presumed.* It will be presumed, on appeal, in a proceeding for the discharge of a debtor from arrest, that the affidavit was sufficient to justify the issuance of the *capias*, where nothing is shown against it.

5. SAME—*presumption as to what facts were found by the Appellate Court.* The Appellate Court will not be presumed to have found the facts upon the issue made by the traverse of an affidavit for a *capias ad satisfaciendum*, where its judgment of affirmance states it was deemed unnecessary to find such facts, and that the affirmance was made upon a question as to the sufficiency of the return of the execution.

6. COURTS—*in what case the Appellate Court must find facts.*  The Appellate Court, on appeal, in a proceeding for the discharge of a debtor from a *capias ad satisfaciendum*, cannot enter a special judgment upon the question of law as to the legality of the process without the finding of facts concerning the matter in controversy different from the finding of the trial court, as required by statute.

*Huntington* v. *Metzger*, 51 Ill. App. 222, reversed.

APPEAL from the Appellate Court for the First District;—heard in that court on writ of error to the County Court of Cook county; the Hon. FRANK SCALES, Judge, presiding.

This is an application by appellee to the county court of Cook county for a trial before a jury, under section 5 of the Insolvent act, of the question whether he was guilty of fraud, or refusal to surrender his estate, he having been arrested upon a charge of such fraud and refusal under a writ of *capias ad satisfaciendum*, issued upon affidavit and return of execution under a judgment in favor of appellant, in accordance with the provisions of sections 62 and 63 of the act in regard to judgments, decrees and executions.  A jury was waived by agreement, and the cause was submitted to the county court for trial without a jury.  The county court found appellee not guilty, and ordered that he be discharged from arrest, and that he recover the costs from appellant.

158—18

The order or judgment of the county court was brought for review to the Appellate Court by writ of error. The Appellate Court rendered a judgment on November 27, 1893, affirming the judgment of the county court, but subsequently on January 6, 1894, vacated said judgment of November 27, 1893, and entered the following judgment :

"This cause coming on to be heard upon the motion of plaintiff in error to vacate the judgment of this court entered in the above entitled cause on the 27th day of November, 1893, and upon the motion of said plaintiff in error that the court make a finding of facts upon which its judgment to be entered in this cause is based, and the parties having been heard and the court having fully considered the matter, it is thereupon adjudged and ordered that the judgment aforesaid entered by this court in the above entitled cause on the 27th day of November, ult., be and is hereby vacated and set aside. And thereupon the court finds the following facts as having been proved in this cause to the satisfaction of this court, viz.:

"*First*—That heretofore, to-wit, on the 12th day of June, A. D. 1893, there was issued out of the circuit court of Cook county a certain writ of *fieri facias* upon a judgment heretofore obtained by the plaintiff in error against the defendant in error in the said circuit court, which writ of *fieri facias* is in the words following, to-wit:

" 'STATE OF ILLINOIS, } *ss.*
   *County of Cook.* }

" '*The People of the State of Illinois, to the Sheriff of said County, Greeting:*

" 'We command you, that of the lands and tenements, goods and chattels, of William G. Metzger, defendant, in your county, you cause to be made the sum of $26,138.60, which William W. Huntington, trustee, plaintiff, lately in the circuit court of Cook county, at a term thereof begun and held at Chicago, in said Cook county, on the third Monday of June, A. D. 1893, recovered against the said defendant, and which by the said court was adjudged

to the said plaintiff for his debt, and also the further sum of $344.88, which by the said court was adjudged to the said plaintiff for his damages, and also the further sum of six dollars and .... cents, which was adjudged to the said plaintiff for his costs and charges in that behalf expended, whereof the said defendant is convicted, as appears to us of record.

"'And have you these moneys ready to render to the said plaintiff for his debt, damages and costs aforesaid, and make a return of said writ, with an endorsement thereon in what manner you shall have executed the same, in ninety days from the date hereof.

"'*Witness*, Frank J. Gaulter, clerk of our said court, and the seal thereof, at the city of Chicago, in said county, the 12th day of June, A. D. 1893.

[SEAL.]                    FRANK J. GAULTER, *Clerk.*'

"*Second*—That afterward, to-wit, on the 28th day of June, A. D. 1893, the sheriff of Cook county made return to said writ in the words following, to-wit:

"'I did, on the 23d day of June, A. D. 1893, demand of the within named defendant, William G. Metzger, that he pay this execution, or that he surrender sufficient of his estate, goods, chattels, lands and tenements for the satisfaction of this writ, and I also informed him that if he failed to comply with said demand he would be liable to arrest upon an execution against his body, and he having failed to satisfy this writ, or any part thereof, and not being able to find any property in my county on which to levy this writ, I therefore return the same no property found and no part satisfied at this 28th day of June, 1893.

JAMES H. GILBERT, *Sheriff.*
JOHN WESTERFIELD, *Deputy.*'

"*Third*—That on the 28th day of June, A. D. 1893, the attorneys for the plaintiff in error caused to be entered in a book kept by the sheriff of Cook county for such purpose, an order in the words following, to-wit:

"'*Huntington* vs. *Metzger*, Circuit Court.—The sheriff will return the execution in the above entitled cause no property found, no part satisfied.

*June 28th, 1893.*          ALDRICH, PAYNE & DEFREES.'

"That in compliance with said order as given only the said sheriff made the said return upon said *fi. fa.;* that said Aldrich, Payne & Defrees were attorneys of record for said Huntington in the said suit in which said writ of *fieri facias* was issued; that afterward, to-wit, on the 28th day of June, A. D. 1893, a writ of *capias ad satisfaciendum* was issued out of said circuit court, the same being in the words following, to-wit:

" 'STATE OF ILLINOIS, }
        *Cook County.*     } *ss.*

" '*People of the State of Illinois, to the Sheriff of Cook County, Greeting:*

" 'We command that you take William G. Metzger, defendant, if he may be found in your county, and safely keep, as by law required and herein commanded, so that you have his body to satisfy William W. Huntington, trustee, plaintiff, in the sum of $26,138.60, which the said plaintiff, lately in the circuit court of Cook county, at a term thereof begun and held at Chicago, in said Cook county, on the third Monday of June, 1893, recovered against the said defendant, and which by the said court was adjudged to the plaintiff for his debt; and also the further sum of $344.88, which by the said court was adjudged to the plaintiff for his damages; and also the further sum of $6.75, which was adjudged to the said plaintiff for his costs and charges in that behalf expended, whereof the said defendant is convicted, as appears to us of record. You are so to take and keep William G. Metzger, defendant, as by law required, until said sums, and all legal costs and expenses in said cause, be paid and satisfied, or until he is discharged by due course or process of law. And do you have the moneys which may be paid on

this writ, ready to render said plaintiff,. and make a return of said writ, with an endorsement thereon in what manner you shall have executed the same, in ninety days from the date hereof, as by law required.

" '*Witness,* Frank J. Gaulter, clerk of our said court, in said county, on the 29th day of June, A. D. 1893.

[SEAL.]               FRANK J. GAULTER, *Clerk.* '

"*Fifth*—That the defendant in error was arrested upon said writ, and thereupon filed in the county court of Cook county a petition in this cause for his release, and that afterward, to-wit, on the fourth day of August, 1893, he was found not guilty and discharged from said arrest by the county court, as appears by the record of this cause.

"And thereupon, from said facts above recited, the court finds, as a matter of law, that the writ of *capias ad satisfaciendum* above mentioned was improvidently issued, and on account thereof the said defendant in error was entitled to be discharged therefrom by said county court; and having found, as a matter of law, that said writ was improvidently issued, by reason of the order of the plaintiff's attorneys having been entered in the book kept by the sheriff as aforesaid, this court deems it unnecessary to find whether or not the plaintiff in error was guilty of refusing to surrender his estate, or of having fraudulently disposed of the same, and thereupon it is ordered and adjudged that the judgment of the county court be and the same is hereby affirmed."

The documents recited in this judgment were not the only evidence introduced upon the trial in the county court, but a large amount of testimony was there introduced, both oral and in the form of depositions, bearing upon the question of fraud or refusal to surrender. All of this testimony is in the bill of exceptions, from which it appears that the finding of the trial court was not only upon the question of refusal to surrender, but also upon the question whether the debtor had fraudulently dis-

posed of his estate with a design to secure the same to his own use, or defraud his creditors.

The petition of the debtor to the county court is as follows: "The petition of William G. Metzger respectfully represents that the petitioner has been arrested under a writ of *ca. sa.* issued by Judge ........., of the circuit court of Cook county in favor of W. W. Huntington, trustee, for the sum of $26,493.23, and is now in the custody of the sheriff of said county of Cook under and by virtue of said writ * * * execution, and he hereby traverses the allegations in the affidavit upon which the execution against his body was issued and demands a trial by jury. Wherefore he prays that such proceedings to that end may be had as are prescribed or required by the laws of the State relating to insolvent debtors."

From the judgment rendered by the Appellate Court on January 6, 1894, the present appeal is prosecuted by W. W. Huntington, trustee, appellant here.

DEFREES, BRACE & RITTER, for appellant:

An interlocutory order, no matter how erroneous, if not void, will justify or protect all persons as completely as the final judgment itself. Vanfleet on Collateral Attack, 23.

The return recites a demand, and inability to find property on which to levy, and we submit that the legal effect of this return cannot be impeached by extrinsic evidence. *Wilson* v. *Greathouse,* 1 Scam. 174; *Botsford* v. *O'Connor,* 57 Ill. 72.

FRANCIS A. RIDDLE, for appellee:

It must be presumed the Appellate Court found the facts the same as the trial court. *Hayes* v. *Insurance Co.* 125 Ill. 626.

In order to entitle an execution creditor to a writ for the arrest and imprisonment of a judgment debtor, every provision of the statute must be strictly complied with. First, there must be the voluntary return of the sheriff,

not only that the judgment debtor has failed to satisfy the execution, but that the judgment debtor has refused to surrender his estate, property and effects to the sheriff, for the purpose of having them sold to satisfy the execution.   And second, it must appear that the proper affidavit, under section 5 of chapter 72 of the statutes, has been filed by the execution creditor, or his agent or attorney.   Starr & Curtis' Stat. 1412; *Maher* v. *Huette*, 10 Ill. App. 56; *Scheubert* v. *Honel*, 152 Ill. 313; *Russell* v. *Bank*, 139 id. 538; *Bowen* v. *Parkhurst*, 24 id. 257; *Bank* v. *Gage*, 79 id. 207; *Russell* v. *Bank*, 130 id. 538; *Durand* v. *Gray*, 129 id. 9.

An execution is the process of the judgment creditor, and is subject to his control, and the sheriff is subject to his instructions in regard to the writ.   *Reddick* v. *Cloud's Admrs.* 2 Gilm. 670; *Wickliff* v. *Robinson*, 18 Ill. 145; *Morgan* v. *People*, 59 id. 58; *Newkirk* v. *Chapron*, 17 id. 344.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

If the judgment entered by the Appellate Court was such a judgment as it was proper for that court to enter under the circumstances shown by this record, it presents the question whether the writ of *capias ad satisfaciendum* was improvidently issued by reason of the order of the attorneys of the judgment creditor, the appellant here, directing the sheriff to return the execution unsatisfied.

Section 62 of chapter 77 of the Revised Statutes in regard to judgments, etc., provides as follows: "If, upon the return of an execution unsatisfied in whole or in part, the judgment creditor, or his agent or attorney, shall make an affidavit stating that demand has been made upon the debtor for the surrender of his estate, goods, chattels, land and tenements for the satisfaction of such execution, and that he verily believes such debtor has estate, goods, chattels, lands or tenements not exempt from execution which he unjustly refuses to surrender, or that since the debt was contracted or the cause of action

accrued the debtor has fraudulently conveyed, concealed or otherwise disposed of some part of his estate with a design to secure the same to his own use or defraud his creditors, and also setting forth, upon his knowledge, information and belief, in either case, the facts tending to show that such belief is well founded, and shall procure the order of the judge of the court from which the execution issued, or of any judge or master in chancery in the same county, certifying that probable cause is shown in such affidavit to authorize the issuing of an execution against the body of the debtor, and ordering that such writ be issued; upon the filing of such affidavit and order with the clerk he shall issue an execution against the body of such judgment debtor." (2 Starr & Cur. Stat. p. 1412). Section 63 of said chapter is as follows: "For the purpose of enabling the judgment creditor to make such affidavit, the officer having an execution against the property of the defendant may demand any estate of the defendant not exempt from execution, whether the same is of such a nature that it may be levied upon and sold on execution or not." (2 Starr & Cur. p. 1413).

Whether the affidavit, upon which the *ca. sa.* was issued in the present case, was sufficient or not to justify the issuance of that writ, cannot be determined, because the affidavit nowhere appears in the record. The petition of appellee to the county court for discharge concedes, that there was an affidavit upon which the execution against his body was issued, and traverses the allegations thereof, and demands a jury trial, but fails to make the affidavit a part of the petition, as was done in *Petition of Ennor*, 105 Ill. 105. Such petition to the county court was presented thereto under and in pursuance of the first five sections of chapter 72 of the Revised Statutes in relation to Insolvent Debtors, of which section 5 is as follows: "When any debtor is arrested or imprisoned for debt upon charge of fraud, or upon execution on the charge

of refusal to surrender his estate for the payment of any judgment, he shall be entitled, upon giving notice as provided in section 3 of this act, to have the question whether he is guilty of such fraud or has refused to surrender his estate tried by a jury, who may be summoned, tried and selected for that purpose. If the jury shall find the debtor 'not guilty' of such fraud or refusal, as the case may be, the debtor shall be discharged from the arrest or imprisonment, and the creditor at whose instance he was arrested or imprisoned shall be adjudged to pay the costs of the arrest or imprisonment and of such proceeding. If the debtor shall be found 'guilty' of such fraud or refusal he shall be remanded to the custody of the proper officer, but such finding shall not prevent his availing himself of the other provisions of this act." (1 Starr & Cur. Stat. p. 1295).

Not only did appellee fail to attach the affidavit to his petition, but the judgment rendered in his favor by the county court fails to state what the charge was of which he was found guilty. That judgment, as set forth in the record, recites as follows: "The court * * * doth find said debtor not guilty, to which finding of the court said arresting creditor duly excepts; wherefore it is ordered, adjudged and decreed by the court that said petition be allowed, and said debtor be and is hereby discharged from his said arrest." It would seem, however, from the recitals in the bill of exceptions, that appellee was charged by the affidavit, not only with a refusal to surrender his estate, etc., but also with fraudulently disposing of his estate with a design to secure the same to his own use, or defraud his creditors. Both of these grounds for arrest are within the contemplation of the constitution, which provides, that "no person shall be imprisoned for debt, unless upon refusal to deliver up his estate for the benefit of his creditors in such manner as shall be prescribed by law, or in cases where there is strong presumption of fraud." (Const. 1870, art. 2, sec. 12). In *Peti-*

*tion of Ennor, supra*, the petitioner was tried upon the two charges of fraudulently disposing of property, and unjustly refusing to surrender property, and was found not guilty upon the former, and guilty upon the latter.

The contention here is, not that the affidavit was insufficient to justify the issuance of the *ca. sa.*, but that there was not such a return upon the original execution as justified the issuance of the *ca. sa.* We are unable to see why the return of the sheriff does not conform to the requirements of sections 62 and 63 as above quoted. The original execution was issued on June 12, 1893. On June 28, 1893, the sheriff made his return, and therein stated, that, on June 23, 1893, he demanded of the defendant, Metzger, that he pay the execution or surrender sufficient of his estate, goods, chattels, lands and tenements for the satisfaction of the writ; and the sheriff also states in his return, that he informed the defendant that if he, the defendant, failed to comply with the demand made upon him, he would be liable to arrest upon an execution against his body; and the return then proceeds further to state, that, he, the defendant, having failed to satisfy the writ or any part thereof, the sheriff, not being able to find any property in his county on which to levy the writ, therefore returned the same no property found and no part satisfied.

In *Tuttle* v. *Wilson*, 24 Ill. 553, a case which was decided before section 63 became the law, it was held, that a debtor could not be considered in such default as to justify seizing his body until a demand was made upon him to produce or show property. The return of the sheriff here shows that such a demand was made. In *Maher* v. *Huette*, 10 Bradw. 56, it was said, that such demand should be so specific, clear and comprehensive as to fairly give the defendant to understand, that, if he fails to comply therewith, he will render himself liable to be arrested. The return here shows that the demand made was specific in the respect thus indicated. In *Doty* v. *Colton*, 90

Ill. 453, it was held, that an affidavit, which "sets forth, in detail, such facts as show defendant had property liable to the execution in favor of plaintiff and fraudulently concealed and withheld the same after demand," is sufficient to authorize the issuing of the writ.

But it is said, that the language of section 62 above quoted is similar to that used in section 49 of the Chancery act in regard to creditor's bills. Said section 49 provides, that "whenever an execution shall have been issued against the property of a defendant on a judgment at law or in equity, and shall have been returned unsatisfied, in whole or in part, the party suing out such execution may file a bill in chancery," etc. (1 Starr & Cur. p. 414). In view of the similarity between the two sections 49 and 62 it is urged, that the requirements, which have been held necessary, in a return upon an execution, to justify the filing of a creditor's bill, are also necessary, in such a return, to justify the issuance of a *ca. sa.* This may be conceded to be true, but we see no reason why the return in this case would not be sufficient to justify the filing of a creditor's bill under said section 49.

It appears that, on June 28, 1893, the day on which the execution was returned, the attorneys of appellant, the judgment creditor, entered the following order in an order book kept by the sheriff at his office: "*Huntington* v. *Metzger*, Circuit Court.—The sheriff will return the execution in the above entitled cause, no property found, no part satisfied." The contention is, that the act of the sheriff in returning the execution after or upon receiving this order made his return insufficient, as showing a failure to exhaust the remedy at law under the judgment. In support of this position the case of *Scheubert* v. *Honel*, 152 Ill. 313, is referred to. In that case a judgment by confession was entered up, execution thereon was issued, and a return of the execution by the sheriff was made, all on the same day; the execution was so returned by direction of the plaintiff's attorney; the direction and

return were both endorsed on the back of the execution; the direction was as follows: "The sheriff will return this writ no property found and no part satisfied, forthwith;" and the return was as follows: "This execution returned no property found and no part satisfied."

But the *Scheubert case* is very different from the case at bar. In that case, the execution was returned unsatisfied merely because the sheriff was instructed to make the return; the return was, really and in effect, the act of the plaintiff's attorney, and not the act of the sheriff; the sheriff made no effort to collect the judgment and exercised no responsibility in making the return; he made no demand upon the debtor, and did not state or show that he was unable to find property to levy upon. In order to justify the filing of a creditor's bill, judgment must be obtained, execution must be sued out, the sheriff must make proper efforts to collect the judgment by means of the execution, and, such efforts being unavailing, the execution must be returned by the proper officer unsatisfied, by reason of his inability to find property whereon to levy. Only by such proceedings will there be such an exhaustion of the legal remedies, as will authorize the creditor to invoke the aid of a court of equity. (*Durand & Co.* v. *Gray,* 129 Ill. 9; *Russell* v. *Chicago Trust and Savings Bank,* 139 id. 538).

An examination of the return upon the execution in this case will show, that the steps thus required to be taken, as preliminary to the filing of a creditor's bill, were taken by appellant. The sheriff states, as already indicated, that he made specific demand for payment, or surrender of property, and that he was not able to find any property on which to levy, and that, for this reason, and, not because of any instructions from plaintiff's attorneys, he returned the execution unsatisfied. No direction to return the writ is endorsed thereon, and the writ does not show on its face that it was returned because of such direction. The return will be construed as being

made for the reasons appearing on its face, and not because of any outside occurrence. The return, that the execution is unsatisfied, and that the defendant has no property, out of which it can be satisfied, is a matter of record, "and is conclusive as between the parties to the judgment and the officer, only to be questioned in an action for a false return. It shows, *prima facie*, that the creditor has exhausted his legal remedy, and chancery has jurisdiction." (*Bowen* v. *Parkhurst*, 24 Ill. 258). Here, the execution was in the sheriff's hands for about eleven days before he made demand upon the debtor and informed him of his liability to arrest in case of failure to comply with the demand. It was five days after such demand made and information given, before the sheriff made his return. The law requires the sheriff to make his return within ninety days, and he cannot be compelled to make it before the expiration of that time; but he may take the responsibility of making an earlier return to it of *nulla bona*, especially after he has made a personal demand upon the defendant to turn out property, and the latter has refused to do so. (*Bowen* v. *Parkhurst, supra; First Nat. Bank of Sioux City* v. *Gage*, 79 Ill. 207).

Where—as appears from the return to have been the case here—the sheriff has taken all proper steps to collect the execution, and has made demand which has not been complied with, and has been unable to find property to levy upon, then he is in a position where he may take the responsibility of returning the execution before the expiration of the ninety days; and the fact, that he is requested by the attorney of the creditor to make the return when such conditions exist, is no evidence that his act is that of the attorneys, and not his own act. The facts exist which show an exhaustion of the legal remedies, and such facts are not changed or modified or affected by the direction of the creditor's attorney to return the execution unsatisfied.

We are not prepared to say that the insufficiency of the affidavit and of the return of the execution may not be taken advantage of in the proceeding in the county court under section 5 of the Insolvent Debtor act, when the affidavit and return are properly set out in the petition for discharge, and when they so far fail to comply with the requirements of sections 62 and 63, as to show that the order for a *ca. sa.*, founded upon them, is void. In such case, the court, making the order for the execution against the body of the debtor, would be without power to enter such order, and hence the validity of the order could be attacked collaterally. It is true, that, where the debtor calls for a jury to try the question whether or not he has been guilty of fraud or failure to surrender, the issue to be determined is purely one of fact; and, in such case, the traverse of the allegations of the affidavit will amount to a waiver of any irregularities therein. Where, however, there was no power to make the order for the writ of *ca. sa.*, such absence of jurisdiction in the court making the order may be taken advantage of in the proceeding for discharge. The better practice, however, is to move to quash the writ, as was done in *Doty* v. *Colton, supra.*

Our conclusion is, that the return upon the execution in this case was sufficient as a basis for the affidavit required to be made by section 62 above quoted. This being so, it will be presumed, that the affidavit was sufficient to justify the issuance of the writ of *capias ad satisfaciendum,* nothing being shown against the validity or sufficiency of the affidavit, which is conceded to have been made. The order for the writ of *ca. sa.*, based upon such affidavit, was made by the circuit court of Cook county, which is a court of general jurisdiction. "A court of general jurisdiction, acting within the scope of its authority, is presumed to have jurisdiction to render the judgment or decree it pronounces, until the contrary appears." (*Knowlton* v. *Knowlton,* 155 Ill. 158).

But there is another question in the case. It is true, that the judgment of the Appellate Court affirms the judgment of the county court. The issue submitted to the county court, upon the traverse by the petitioner of the allegations in the affidavit, was an issue of fact; and that issue of fact was, whether or not the petitioner had been guilty of a fraudulent disposition of his property and of an unjust refusal to surrender the same. The judgment creditor held the affirmative of this issue, and, as a part of his original case, introduced in evidence, in connection with other testimony, the original execution and the sheriff's return thereon. The object of introducing the original execution and the sheriff's return thereon was to show, in connection with other testimony, that a demand had been made upon the debtor for the surrender of property, and that he had refused to comply with such demand. The petitioner introduced in evidence the direction of the attorneys to the sheriff to return the execution unsatisfied. It is manifest, that the only thing found by the Appellate Court in its judgment is that, as matter of law, the return of the sheriff was insufficient to authorize the issuance of the *ca. sa.* because of the direction so given by the attorneys of the appellant. But the judgment of the Appellate Court makes no finding upon the issue presented by the traverse of the affidavit. Counsel for appellee contends, that, as the Appellate Court affirmed the judgment of the county court, it will be presumed, that it found the facts upon the issue made by the traverse of the affidavit the same as the trial court found them, namely, that the petitioner was not guilty. Such undoubtedly is the presumption in the ordinary case of an affirmance by the Appellate Court of a judgment of the trial court. But, here, the Appellate Court in their judgment, which is based wholly upon their view of the law question already referred to, make the following explicit statement: "this court deems it unnecessary to find whether or not the plaintiff in error was

guilty of refusing to surrender his estate, or of having fraudulently disposed of the same." In the face of this statement, we cannot entertain the presumption ordinarily arising as above stated. The Appellate Court did not pass upon the question, submitted to the trial court, as to whether appellee was or was not guilty of the charges made against him.

We know of no authority in the statutes of this State for the entry of such a judgment as has been entered by the Appellate Court in the case at bar. Section 87 of the Practice act provides that "if any final determination of any cause, as specified, etc.,  *  *  *  shall be made by the Appellate Court, as the result wholly or in part, of the finding of the facts concerning the matter in controversy different from the finding of the court from which such cause was brought by appeal or writ of error, it shall be the duty of such Appellate Court to recite in its final order, judgment or decree, the facts as found," etc. But it does not here appear, that the Appellate Court finds the facts concerning the guilt or innocence of appellee different from the finding in reference thereto by the trial court. If it had made the same finding of the facts in regard to the matter in controversy as was made in the trial court, it was unnecessary to recite in its judgment the facts as found by it, because the statute only provides for such a recital in case of a different finding, and not where there is the same finding.

The question of the sufficiency of the affidavit for arrest or of the return of the sheriff upon the execution, being a question of law, could not be submitted to a jury. The jury have "no right to pass upon the legality of the process." (*Gorton* v. *Frizzell*, 20 Ill. 292). It cannot, therefore, be said, that a finding upon this question of law is a "finding of the facts concerning the matter in controversy different from the finding" of the trial court.

If either of the parties upon the trial in the county court had desired to raise a question of law as to the

legality of the process, a proposition should have been submitted to that court to be held as law in the decision of the case. It is only by the submission of such propositions where the trial is before the court without a jury, that a question of law can be raised for the consideration of this court. If such a question can be raised by a special judgment of the Appellate Court, like the one entered in this case, then section 41 of the Practice act, (2 Starr & Cur. Stat. p. 1808), and all the decisions of this court construing that section, are rendered nugatory and of no avail.

The judgment of the Appellate Court is reversed, and the cause is remanded to that court for the entry of such judgment, reversing or affirming the judgment of the county court, as in their judgment may be proper, and reciting in their judgment the facts found by them, if any such final determination of the cause is made by them, as is provided for in section 87 of the Practice act as above quoted. Leave is given to withdraw the record of the county court filed in this court for the purpose of re-filing it in the Appellate Court. (*Neer* v. *Illinois Central Railroad Co.* 138 Ill. 29).

　　　　　　　　　　　　　　　*Reversed and remanded.*