EMIL SCHEUBERT

*v.*

EMAN F. HONEL *et al.*

*Filed at Ottawa October 29, 1894.*

1. CREDITOR'S BILL—*remedies at law must be exhausted.* Before a creditor's bill will lie all legal remedies must be exhausted, and proper effort made to collect the judgment by execution, and unless this appears the bill will be dismissed.

2. SAME—*execution returned by order not sufficient.* Return of an execution by order of plaintiff's attorney, and not because no property was found, is not a sufficient basis for a creditor's bill.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. WILLIAM G. EWING, Judge, presiding.

A judgment by confession, under a warrant of attorney, was entered in favor of appellant, against appellee Eman F. Honel, and on the same day execution was issued thereon, which execution was on the same day returned by the sheriff, by direction of plaintiff's (appellant's) attorney. The direction and the return appeared on the back of the execution, and are as follows:

"The sheriff will return this writ no property found and no part satisfied, forthwith.

"Dated February 21, 1887.

JAS. E. CROSS, *Att'y for Plaintiff.*"

"This execution returned no property found and no part satisfied, this 21st day of February, 1887.

CANUTE R. MATSON, *Sheriff.*
By C. W. PETERS, *Deputy.*"

No other execution appears ever to have been issued on said judgment. Afterward, appellant filed his creditor's bill in the Superior Court of Cook county, based upon said judgment and the returned execution. The cause was heard in said court at the February term thereof, 1893, and the bill dismissed for want of equity. Appellant thereupon appealed to the Appellate Court for the First District, where the decree of the Superior Court was affirmed, and now asks this court to reverse the finding of the Appellate Court.

Mr. JAMES A. PETERSON, for the appellant.

Messrs. CROSS & JINDRICH, for the appellees.

Mr. JUSTICE BAKER delivered the opinion of the court:

We are disposed to concur with the reasoning of the Appellate Court in its opinion filed in this case, that

appellant's bill was properly dismissed for the reason that there had been no exhausting of his remedy at law by the issuance of an execution and a proper return thereof by the sheriff. It has been the uniform doctrine of this court that, as we said in *Russell* v. *Chicago Trust and Savings Bank*, 139 Ill. 538, in order to entitle the complainant in a creditor's bill to a decree, it must appear that he has "exhausted his legal remedies by obtaining judgment, suing out execution, having the sheriff make proper efforts to collect the judgment by that means, and such efforts proving unavailing, by having him return the execution unsatisfied."

The allegations in the bill in relation to the issuing and return of execution were not admitted by appellees in the pleadings. It was therefore incumbent upon appellant to prove them. The return of the sheriff endorsed on the execution failed to show that appellant had exhausted his legal remedies. On the contrary, it plainly appeared from the endorsement of the direction of appellant's attorney to the sheriff, and the return of the latter, that the sheriff had made no effort whatever to collect the judgment, but that the return on the execution was in substance the act of appellant's attorney, and that in making the return the sheriff exercised no responsibility whatever. It must be shown that the execution has been returned by the sheriff, unsatisfied, by reason of his inability to find property whereon to levy, (*Durand* v. *Gray*, 129 Ill. 9 ; *Russell* v. *Chicago Trust and Savings Bank, supra,*) whereas, in the case at bar, it plainly appeared from the attorney's instructions endorsed upon the writ, and the sheriff's return, that the execution had been returned unsatisfied merely because the sheriff had been instructed to make such return. To be sure, an execution is the process of the judgment creditor, and is subject to his control. Still, he cannot so control it as to make the statute a nullity.

The judgment of the Appellate Court was right, and it is therefore affirmed.
                                        *Judgment affirmed.*