## John Stirlen v. Sherman S. Jewett et al.

1. RECEIVER—*Appointment of, by Collusion.*—The appointment of a receiver by collusion of a debtor, so that his business may be carried on without interference on the part of his creditors, is a fraud upon their rights.

2. CREDITOR'S BILL—*Insufficient Return of Execution.*—The return of an execution unsatisfied, by order of the plaintiff's attorneys, affords no ground for the maintenance of a creditor's bill.

Creditor's Bill.—Appeal from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed March 3, 1896.

### STATEMENT OF THE CASE.

This appeal is prosecuted to reverse a decree granting the prayer of an intervening petition filed by appellees in a creditor's suit brought by appellant against the Chicago Fuel Gas Appliance Co., a corporation. The decree ordered that the original bill filed by appellant be dismissed; that the receiver be discharged, and pay forthwith into court all property in his hands as such receiver.

The original bill was filed July 5, 1893, upon a judgment for $300, entered by confession upon that day, upon which an execution had, previously to the filing of the bill, been issued, demand of payment thereof made by the sheriff upon the defendant, and the defendant failing to pay, the execution was, upon the day of its issue, by order of the plaintiff's attorney, returned no property found and no part satisfied. A receiver was appointed the same day the bill was filed. He immediately took possession of the property of the defendant, which consisted of a stock of fuel gas appliances in its place of business, 15 and 17 Madison street, Chicago, and book accounts, and continued the business of the defendant, under the order of court, until the following December.

August 16, 1893, appellant filed his supplemental bill to wind up the defendant corporation.

"August 21, 1893, appellees, Sherman S. Jewett et al., obtained judgment in the Circuit Court of Cook County for the sum of $860 and costs, and an execution was issued to the sheriff of said county.

"September 19, 1893, appellees filed their intervening petition, to which a demurrer was sustained, and the appellees then filed their amended petition, setting forth their judgment for merchandise sold to the Chicago Fuel Gas Appliance Company in the months of April, May and June, 1893; the issuance of the execution to the sheriff; the entire proceeding leading up to the appointment of the receiver; that the judgment in favor of said Stirlen was confessed for the purpose of hindering, delaying and defrauding the creditors of said Chicago Fuel Gas Appliance Company; that there were ample assets in the possession of said company for the satisfaction of said Stirlen's judgment; that said Stirlen did not pursue his remedy at law to the fullest extent, and never made a *bona fide* attempt to collect said judgment, although he knew of the existence and value of said property; and that said Stirlen filed his said bill for the purpose of hindering and delaying the appellees and the other creditors of said company."

Appellees prayed that the receiver be dismissed in order that they might pursue their remedy at law, or that their execution be satisfied out of property in the hands of the receiver.

To this amended petition, a general and special demurrer was filed and overruled, and upon the filing of the answers and replications, the cause was referred to a master in chancery to take proofs and report his conclusions on the law and the facts. The master found the facts to be substantially as alleged in the amended petition, and recommended that the creditor's bill, filed by said Stirlen, be dismissed and the receiver be discharged. To this report both parties filed objections, and the same were overruled.

The prayer of appellee's petition was amended by leave of court, and the court then approved and confirmed the master's report, dismissed the original bill of complaint for want of equity, discharged the receiver, and ordered him to

file a report and pay into court all moneys in his hands; authorized appellees to levy their execution on all remaining assets of said company, and that the settlement of the receiver's accounts be reserved for further consideration. From this decree appellant appealed.

Stirlen & King, attorneys for appellant.

Johnson & Morrill, attorneys for appellees.

Mr. Justice Waterman delivered the opinion of the Court.

The proceedings had by collusion between appellant and the Chicago Fuel Gas Appliance Company in the way of a confession of judgment by said company, issue and return of execution, filing of a creditor's bill, and the appointment of a receiver for the corporation, defendant, appear to have been a plan by which the Fuel Gas Appliance Company was, under the sheltering wing of a court of chancery and through the administration of a friendly receiver, to continue to carry on its business, while its creditors looked vainly on.

At a time when the corporation had in its hands abundant personal property out of which his judgment might have been satisfied, appellant, by arrangement with his debtor, had his execution returned unsatisfied, that a receiver might be appointed for, and the business of the corporation carried on without the annoyance of a seizure of its assets upon attachments or executions obtained by its creditors.

Into the content of this situation a creditor intruded and obtained a dismissal of the bill upon which the receivership was founded. The return of the execution unsatisfied by order of the plaintiff's attorneys, afforded no ground for the maintenance of a creditor's bill. Schubert v. Homel, 50 Ill. App. 597; 152 Ill. 313.

The appointment of the receiver was one which, as against the objections of creditors, could not be justified, and the court properly set the appointment aside and dismissed appellant's bill.

The decree of the Circuit Court is affirmed.