JOHN STIRLEN

*v.*

SHERMAN S. JEWETT *et al.*

*Filed at Ottawa January 19, 1897—Rehearing denied March 9, 1897.*

1. APPEALS AND ERRORS—*how far answering petition waives error in overruling demurrer thereto.* One answering an intervening petition after his demurrer thereto has been overruled waives his right to assign such overruling as error, except so far as he could have the same advantage, in substance, on the final hearing if the petitioner should not be entitled to the relief sought.

2. CREDITOR'S BILL—*remedies at law must be exhausted.* To sustain a creditor's bill a judgment at law must be recovered, execution issued and a *bona fide* attempt made by the sheriff to collect the same, and, if his efforts are unavailing, a return of the execution unsatisfied because having found no property upon which to levy.

3. SAME—*when collusion in filing bill is ground for dismissal.* Collusion between the complainant and the defendant in bringing a creditor's bill proceeding for the appointment of a receiver for the defendant, is ground for dismissal at the instance of a creditor, where there is no actual controversy between the parties and the rights of defendant's creditors are prejudiced thereby.

4. SAME—*kindly intentions toward other creditors are no ground for sustaining creditor's bill.* That complainant filed his creditor's bill for the appointment of a receiver for the defendant because that method was the most advantageous to other creditors is no ground for sustaining the bill, where complainant's remedy at law has not been exhausted.

5. Same—*when execution returned by order is not basis for creditor's bill.* The return of an execution unsatisfied, at the order of the plaintiff, is not a sufficient basis for a creditor's bill where the sheriff made no attempt to find property, nor does it matter that the plaintiff's order was entered on the sheriff's docket and did not appear in the return.

*Stirlen* v. *Jewett,* 63 Ill. App. 55, affirmed.

Appeal from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. Murray F. Tuley, Judge, presiding.

Stirlen & King, for appellant:

Collusion to give a court of chancery jurisdiction of an actual controversy, which is legal in its nature but may become the subject of chancery jurisdiction, is not a fraud on the court or anybody else. *Trainor* v. *Greenough,* 145 Ill. 543; *Danville Seminary* v. *Mott,* 136 id. 289.

A return *nulla bona* satisfies the requirement that the creditor must exhaust his remedy at law before filing his creditor's bill. *Malleable Iron Co.* v. *Graham,* 54 Ill. 266 ; *Bank* v. *Gage,* 79 id. 208; *Bowen* v. *Parkhurst,* 24 id. 259.

The return that the execution is unsatisfied and that the defendant has no property out of which it can be satisfied is a matter of record, and is conclusive as between the parties to the judgment and the officer, only to be questioned in an action for a false return. It shows *prima facie* that the creditor has exhausted his legal remedy and chancery has jurisdiction. *Huntington* v. *Metzger,* 158 Ill. 272.

Johnson & Morrill, for appellees.

Mr. Justice Cartwright delivered the opinion of the court:

Appellant, a member of the firm of Stirlen & King, attorneys, obtained a judgment July 5, 1893, in the circuit court of Cook county, against the Chicago Fuel Gas Ap-

pliance Company, a corporation of the city of Chicago, on a note of the corporation for $250, given for legal services rendered, together with costs and $50 attorney's fee for entering up the judgment. Execution was issued forthwith, and the president of the corporation appeared in the sheriff's office in company with Samuel B. King, appellant's partner, to have the execution served on him. The execution was served on the president, and at the same time an order was written in the sheriff's docket, as follows:

"Execution No. 43,425.—Gen. No. 117,678.

"*Stirlen* v. *Chicago Fuel Gas Appliance Co.*

"Sheriff will return execution in above entitled cause no property found, no part satisfied, forthwith.

*Dated July 5, 1893.*                    STIRLEN & KING.

No futher effort was made to collect the money due on the execution, but the order was obeyed and the execution was forthwith returned "No property found and no part satisfied." The parties next appeared on the same day in the circuit court, and a creditor's bill against the corporation was filed by appellant, as complainant, on behalf of himself and all other creditors. The president of the corporation entered its appearance in the suit and consented to the appointment of a receiver, and the appointment was accordingly made. The receiver took possession and continued the business until December 30, 1893. In the meantime, appellees, on August 21, 1893, obtained a judgment against the corporation in the circuit court. An execution upon this judgment was issued and returned unsatisfied, and on September 19, 1893, appellees, by their intervening petition, were admitted to the suit, and asked that the receiver might be dismissed so that they could pursue their remedy against the property of the corporation. Appellant complains that the court erred in overruling his demurrer to this petition, and insists that the facts which would constitute fraud or concealment on his part were not sufficiently stated;

but he cannot assign error on that ground for the reason that he answered the petition. He thereby waived his demurrer, except so far as he could have the same advantage, in substance, on the final hearing, if, upon the petition and proofs, the petitioner should not be entitled to the relief sought. *Gordon* v. *Reynolds*, 114 Ill. 118.

The petition stated the foregoing facts, and charged that appellant did not exhaust his remedy at law; that he never made a *bona fide* attempt to satisfy his execution; that at the time the execution was in the hands of the sheriff the corporation had ample property at its place of business near by, in the city of Chicago, out of which the execution could have been satisfied; that this was well known to appellant, who was its attorney, but that appellant, by collusion with the defendant corporation, filed the bill and obtained the receiver to hinder and delay the petitioners and other creditors. On a reference to a master the proofs sustained these charges, and he reported the facts to the court, finding that appellant did not exhaust his legal remedy by having the sheriff make proper efforts to collect the judgment, and recommending that the receiver should be discharged and the bill dismissed. On exceptions to the report it was sustained, the receiver was discharged and the bill dismissed. The Appellate Court affirmed the decree.

It is insisted by appellant that collusion between him and the defendant was not ground for a dismissal of the proceedings, and to sustain this claim he refers to the cases of *Danville Seminary* v. *Mott*, 136 Ill. 289, and *Trainor* v. *Greenough*, 145 id. 543. In those cases no rights were prejudiced by the giving of deeds of undivided interests in the lands, and there was no intent to deprive third parties of their just and legal rights. Here it cannot be denied that placing the property of the corporation in the hands of a receiver and under the protection of the court by the collusion of the parties would prevent a creditor from reaching the property and obtaining sat-

isfaction of his debt by the ordinary legal means. The collusion was not for the purpose of giving a court of chancery jurisdiction of an actual controversy or to enable appellant to enforce any right, nor was it, as he contends, directed to proper or beneficial ends. The suit was not instituted in the interest of creditors or through any sense of duty toward them. One of the averments of the bill was, that if the sheriff were to seize the property of the corporation on the execution it would result in a sacrifice to the prejudice of complainants and other creditors and the defendant. This averment and the facts proved demonstrate that appellant, as defendant's attorney, was looking after the interest of his client as well as himself in beginning the suit. After the bill was filed the entire proceeding was managed by appellant's firm. The answer was endorsed in the handwriting of his partner, and they were attorneys for the receiver.

Again, appellant says that because the assets of the corporation were not equal to its liabilities it became the duty of its officers to place its affairs in liquidation by some appropriate proceedings, and that since his method of doing so was a good one, in the interest of economy and dispatch and for the benefit of creditors, the court ought to sustain it. If the plan of appellant for winding up the corporation was cheap and expeditious, and therefore for the benefit of creditors, as claimed, that fact would properly be addressed to the creditors as a ground for consent; but if they decline to accept his favors, the superiority of the method over that provided by law would not justify the court in sustaining it. The right of appellant to file the bill and put the corporation in the hands of a receiver, when considered as a matter of law, was dependent upon his exhausting his legal remedy, and kindly intentions toward other creditors would not avail.

It is also argued that the return of the execution was sufficient to authorize filing the bill. In general it is the

duty of a sheriff to hold an execution during its life; but he may take the responsibility of making an earlier return of it, if he has made a demand of property and is unable to find it to satisfy the execution. (*Bowen* v. *Parkhurst*, 24 Ill. 258; *First Nat. Bank* v. *Gage*, 79 id. 207.) There is much argument in this case as to whether such a return is conclusive between the parties to the judgment and the officer, but those questions are not important in determining the right to file this bill. Our statute authorizing the filing of a creditor's bill does not introduce any new principle into the law, but is declaratory of a well-recognized, pre-existing principle. A court of equity previously entertained creditor's bills, but would not, before or since, lend its aid where there was an adequate remedy at law. It requires that the plaintiff in the judgment shall have made a *bona fide* attempt to collect his debt by execution against the property of the defendant. (*Durand & Co.* v. *Gray*, 129 Ill. 9.) In that case it was held that the legal remedy must be exhausted, and although an execution had been issued and returned unsatisfied in the county in which the judgment was rendered, a bill would not lie where the judgment debtor had property in another county at his domicil, which might have been reached by execution to that county. In *Scheubert* v. *Honel*, 152 Ill. 313, the execution was returned no property found and no part satisfied; but this was done in pursuance of a direction of plaintiff's attorney endorsed on the execution. It was held that these facts failed to show that appellant had exhausted his legal remedies, and that therefore the bill was properly dismissed. The execution must be returned unsatisfied because of inability to find property whereon to levy, but in case of such an order it plainly appears that the return is made because of the direction of the plaintiff.

Appellant relies upon the decision in *Huntington* v. *Metzger*, 158 Ill. 272, to establish the rule that a direction by the attorney of plaintiff for the return of an execution

will not invalidate the return. In that case the sheriff made efforts to collect the execution. It had been in his hands eleven days when he demanded property of the defendant and informed him of his liabilities, but he failed to satisfy the writ, and five days afterward the writ was returned for the reason that the sheriff was not able to find any property in his county on which to levy it. On the day of the return plaintiff's attorney directed the return to be made. The case of *Scheubert* v. *Honel, supra,* which was like this in having the judgment entered, execution issued and a return by direction of plaintiff's attorney all on the same day, was there said to be very different from the case under consideration. It was said (p. 284): "In order to justify the filing of a creditor's bill, judgment must be obtained, execution must be sued out, the sheriff must make proper efforts to collect the judgment by means of the execution, and, such efforts being unavailing, the execution must be returned by the proper officer unsatisfied by reason of his inability to find property whereon to levy." Where, as appeared from the return in that case, the sheriff has taken all proper steps to collect the execution, he is in a position to take the responsibility of returning it before the expiration of the ninety days; and such facts are not affected by a direction to make the return. The case does not support appellant's claim. In fact, that claim seems to be mainly based on the ground that the order for return was written in the sheriff's docket, and not on the execution. But that circumstance could make no difference. We do not see what importance can be attached to where the instruction was written. It was for the same purpose and had the same effect as if written on the writ, and if written there would have been no part of the sheriff's return.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*