## Samuel J. Howe v. Charles S. Babcock.

1. CREDITOR'S BILLS—*Character of Return of Execution Necessary to Sustain.*—Where a sheriff has taken all proper steps to collect an execution, has made demand without result, and has been unable to find property to levy upon, he may take the responsibility of returning the execution before the expiration of the ninety days, and the fact that he is requested by the attorney of the creditor to make the return, when such conditions exist, is immaterial. The facts exist which show an exhaustion of the legal remedies, and such facts are not changed, modified or affected by the direction of the creditor's attorney to return the execution unsatisfied, and a creditor's bill will lie.

2. SAME—*Execution May be Returned Within Ten Days.*—The statutory provision permitting a creditor to schedule property within ten days after demand does not operate to make a return within the ten days invalid or insufficient to support a creditor's bill.

Creditor's Bill.—Appeal from the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding. Heard in this court at the March term, 1897. Affirmed. Opinion filed October 21, 1897.

JESSE HOLDOM, attorney for appellant.

The return of an execution *nulla bona* by order of complainant or his solicitor, does not vest the court with jurisdiction under a creditor's bill. Scheubert v. Honel, 50 Ill. App. 597; affirmed in 152 Ill. 313; Russell v. Chicago Trust & Savings Bank, 139 Ill. 538; Durand & Co. v. Gray et al., 129 Ill. 9.

Not even though the order be entered in a separate record, and not indorsed on the execution. Stirlen v. Jewett, 165 Ill. 410, and cases *supra*.

Where the execution is returned by the sheriff before the expiration of ten days from the demand on the defendant in the execution, whether the return is made by order of plaintiff or his attorney, or on the sheriff's own motion, the defendant in the execution is deprived of a statutory right, viz., the right to deliver to the sheriff a sworn statement of his assets, and thus, by making a full and true schedule, acquaint his creditor with his financial condition, and thereby avoid the annoyance and expense of an inquiry by way of a creditor's bill. Sec. 14, Chap. 52, Starr & Curtis' Stat., 2d Ed.

No appearance for appellee.

MR. JUSTICE SEARS DELIVERED THE OPINION OF THE COURT.

This is an appeal from an interlocutory order appointing a receiver. The suit is a creditor's bill upon a judgment at law. Counsel for appellant contends that the return of the sheriff upon the *fieri facias* issued upon the judgment is insufficient to sustain the bill.

It is urged that because the attorney for the plaintiff in the proceeding at law directed a return of the execution during the life of the execution, therefore no such exhausting of legal remedy is shown as is essential to warrant a creditor's bill, and in support thereof counsel cite Scheubert v. Honel et al., 50 Ill. App. 597, affirmed in 152 Ill. 313.

In the case cited the plaintiff's attorney had, constructively at least, directed the sheriff *not* to make a personal demand upon the defendant, *not* to levy upon property, and therefore the execution was returned, without demand or levy, in accordance with such direction.

The case under consideration, however, is, upon the facts presented, distinguishable from Scheubert v. Honel. Here demand is shown to have been made by the sheriff upon the judgment debtors on January 4, 1897, and it was only after such demand had proved unavailing that the attorneys for the judgment creditors directed the sheriff on January 6, 1897, to return the execution.

The question of the sufficiency of a return to justify issuance of a writ of *capias ad satisfaciendum* was involved in Huntington v. Metzger, 158 Ill. 285, and the reasoning of that decision applies equally to the question of the sufficiency of the return here to sustain a creditor's bill.

The court say : " Where — as appears from the return to have been the case here — the sheriff has taken all proper steps to collect the execution and has made demand which has not been complied with, and has been unable to find property to levy on, then he is in a position where he may take the responsibility of returning the execution before the expiration of the ninety days; and the fact that he is requested by the attorney of the creditor to make the return,

when such conditions exist, is no evidence that his act is that of the attorney, and not his own act. The facts exist which show an exhaustion of the legal remedies, and such facts are not changed or modified or affected by the direction of the creditor's attorney to return the execution unsatisfied."

In the case cited the return was made by the officer five days after demand. In the case here two days intervened between demand and return. We do not consider the statutory provision for exemption, permitting the creditor to schedule property within ten days after demand, as operating to make a return within the ten days invalid or insufficient to support a creditor's bill.

Order affirmed.