### K. D. Horrall, Appellant, v. Thomas Brassie et al., Appellees.

GARNISHMENT—*when execution insufficient to support.* An affi-
davit in garnishment is insufficient to support a garnishment pro-
ceeding where predicated upon a return of execution made by order
of the plaintiff's attorney "no property found and no part satisfied."
An execution in order to support the proceedings should show that
the legal remedy provided thereby has been exhausted.

Garnishment. Appeal from the Circuit Court of Richland county;
the Hon. E. E. NEWLIN, Judge, presiding. Heard in this court at
the March term, 1910. Affirmed. Opinion filed November 12, 1910.

JOHN LYNCH and J. C. HOWARD, for appellant.

H. G. MORRIS and R. S. ROWLAND, for appellee.

MR. JUSTICE SHIRLEY delivered the opinion of the
court.

Appellees were summoned as garnishees upon the
affidavit of J. E. Howard, attorney for appellant, in
which it was charged that appellant had obtained a
judgment against J. C. Von Almen and others herein-
after called the debtors, for the sum of $471.41 and
costs; that an execution had been issued on December
8, 1908, and returned on January 8, 1909, "no property

.found.'' The affidavit charged that appellees were indebted to said debtors. Upon this affidavit a summons was issued against appellees as trustees of St. Joseph's Roman Catholic Church of Olney, Illinois, commanding them as garnishees to answer.

Appellees answered the interrogatories filed by appellant, setting forth they were not indebted to said debtors; that at the time of the service of the summons herein, they were impleaded in a cause in the County Court of Richland county as garnishees wherein the creditors of the debtors obtained a judgment against them and they were compelled to pay all the moneys in their possession claimed to be due the debtors to said other creditors; that at the time of the service of summons herein the claim of the debtors was unliquidated and uncertain and was not the subject of garnishment; that there was no valid judgment upon which a garnishment proceeding could be based, and that the return upon the execution of ''no property found'' was not sufficient to support the affidavit for summons or the garnishment proceedings in this case.

When the execution and return thereon was offered in evidence appellees objected to its introduction upon the ground of its insufficiency upon which to found an affidavit of garnishment. The objection was overruled at that time but the court found in its final order and judgment that the affidavit was insufficient and dismissed the proceedings at the cost of appellant. If the court committed no error in this, it will not be necessary to consider other questions raised by the answer and by the assignment of errors.

It appears from the evidence that the execution was issued against the debtors on December 8, 1908, and returned on January 8th following. The return endorsed by the sheriff upon the back of the execution was as follows: ''I hereby return this execution by order of plaintiff's attorney. No property found and in no part satisfied.''

While the execution was in the hands of the sheriff on December 16, 1908, each of the defendants therein, M. R. VonAlmen, J. C. VonAlmen and Robert VonAlmen, made a debtor's schedule of all his personal property of every kind and character including money on hand and debts due and owing to him and after making oath thereto, delivered the same to the sheriff. Each of said debtors was the head of a family residing with the same except one. It does not appear that any effort was made by the sheriff to find other property than that included in the schedules belonging to the debtors or either of them, nor were appraisers selected. Nor was there any evidence of the value of the property scheduled. Nor does it appear there was any demand made upon the debtors or either of them.

So far as appears from the evidence, there may have been other property than that scheduled subject to the execution, and so far as appears, the property scheduled may have been of greater value than could have been selected by the debtors under the exemption law. All the sheriff did was to receive the schedules without making any demand or any effort whatever to find property upon which to levy the execution. The return by order of plaintiff's attorney, "No property found and no part satisfied" does not show the sheriff made any effort to collect the judgment.

The return of the sheriff in this case is nowise different in substance from the return in the case of Scheubert v. Honel, 152 Ill. 313. In that case the return on the back of the execution was as follows:

The sheriff will return this writ no property found and no part satisfied forthwith. Jas. E. Gross Atty. for Plaintiff."

"This execution returned no property found and no part satisfied. Canute R. Matson Sheriff."

In that case it was held the return of the sheriff endorsed on the execution failed to show that the legal remedy had been exhausted but that on the contrary

it appeared from the endorsement of the attorney and the return of the sheriff that the latter had made no effort whatever to collect the judgment but the return was in substance the act of the attorney, in doing which the sheriff exercised no responsibility.

It was further there held it must be shown the execution was returned unsatisfied by reason of the inability of the sheriff to find property on which to levy. The sheriff may make a return of a writ at an earlier day than that which limits the life of an execution "but in order for him to do so and create a basis for equitable remedies, his return must show on its face or by clear inferences that it is his own act in order that it may be made to appear or the presumption to arise that legal remedies have failed." Pecos Irrigation & Imp. Co. v. Olson, 63 Ill. App. 313.

"The officer who does not obtain anything toward the satisfaction of the writ must make a return in which it is directly stated or from which it must be necessarily implied that the defendant has not property subject to the writ. * * * The most usual obstacle met by officers is their inability after due search to discover property subject to the writ. Where this has been the case and it becomes necessary to return the writ wholly or partly unexecuted, the officer must exonerate himself by stating clearly and unequivocally that the writ is returned unsatisfied because the defendant has no property subject to its satisfaction." Freeman on Executions, Sec. 356.

"These rules are in no adequate way met by a return made within the lifetime of an execution and without demand which shows on its face that it was made by direction of the plaintiff and from which nothing appears to indicate that any effort was ever made to find any property." Pecos Irrigation & Imp. Co. v. Olson, *supra*.

In this case we have pointed out that there was no demand, and no effort to find property and the return

showing upon its face that it was made within the life-time of the execution by order of plaintiff's attorney there was no basis for the equitable remedy of garnishment and the order and judgment of the Circuit Court was correct and will be accordingly affirmed.

*Affirmed.*