PRESIDING JUSTICE SEIDENFELD
 

 delivered the opinion of the court:
 

 Whether a retirement plan may be required to become a party to a dissolution of marriage proceeding, is the issue on appeal.
 

 Ann Degener petitioned for dissolution of her marriage to Paul Degener. During the course of the property distribution proceedings she sought to have the Allstate Retirement Plan and its Administrative Committee (Plan) made a party. Paul Degener was a Plan participant as a former employee of Allstate Insurance Company who, although not presently receiving benefits, would be so entitled upon reaching retirement age. Additionally, on his death the Plan provided for payment of benefits to his named beneficiary. The motion to make the Plan a party alleged that the court had ruled that the pension was marital property as to which Ann Degener was entitled to receive a 40% share in benefits when paid. An order was sought that the Plan make monthly distribution when due by issuing two checks representing the distributive share awarded by the court to each of the parties; and to pay any benefits unpaid in the event of Paul’s death to Ann Degener.
 

 The Plan moved to dismiss on the basis that the court lacked the authority to make the Plan a party to the suit and on the further basis that Ann Degener lacked standing to pursue a claim against the Plan in the dissolution proceeding. The motion was denied, and the Plan was ordered to respond to the petition. The Plan answered and moved for summary judgment. The circuit court found that Ann Degener was entitled to judgment as a matter of law. The court concluded that Paul Degener’s pension benefits were marital property, that Ann Degener was a “co-owner” of the pension benefits, and that therefore she was not a mere creditor barred by anti-attachment statutes from pressing her claim. The court ordered the Plan to make monthly payments, 40% to Ann and 60% to Paul, and to pay any remainder to Ann in the event of Paul’s death. Upon the post-trial motion hearing the court modified its order to reflect the agreement of the parties regarding disposition of remaining benefits after Paul’s death.
 

 The finding that Paul’s interest in the Pension Plan is marital property acquired entirely during the marriage is not in dispute. (See, e.g., In re Marriage of Hunt (1979), 78 Ill. App. 3d 653, 659.) Ann’s right to enforce the dissolution decree provisions against the husband when the payments under the Plan are actually made is also not in question.
 

 Ann, however, argues that section 503(c) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1981, ch. 40, par. 503(c)) gives the court broad authority to fully settle the disposition of marital property which, in her view, includes the authority to order the Plan to make direct payments to her to insure her receipt of payment without further litigation or inconvenience.
 

 We are unable to find that broad authority in the Marriage and Dissolution of Marriage Act as it has been interpreted. The declaration of marital property rights upon dissolution of a marriage have been held not to interfere with contractual rights of either spouse in the marital property. (Kujawinski v. Kujawinski (1978), 71 Ill. 2d 563, 573-75.) The classification of property interests does not create a species of co-ownership as the trial court order assumes, but is for the purpose of equitably distributing the property, which “is subject to distribution within those limitations set by laws governing transfers, assignments and conveyances of such property.” Kujawinski v. Kujawinski (1978), 71 Ill. 2d 563, 574.
 

 From a reading of the pension fund document it is apparent that the Plan is under a contractual obligation to its former employee to protect the fund until time for distribution and then to distribute it in accordance with the contract. Ann is not a participant under the terms of the contract. She has no contractual right to insist upon being named a beneficiary in the event of her husband’s death. Thus, the classification of the pension as marital property does not avoid any limitations set by law as it may govern private pension contracts.
 

 Ann argues that statutory joinder provisions give the court broad discretion as to the addition of parties and that we should therefore decide the joinder as a matter of the court’s discretion. We cannot agree. We have found no statutory authority that authorizes the dissolution court to make the Plan a party against its will.
 

 Section 2 — -405(a) of the Illinois Code of Civil Procedure provides, in substance, that parties may be joined (1) who have or claim any interest in the controversy, or (2) are necessary to be made a party for the complete determination of any question involved in the controversy, or (3) against whom a liability is asserted. (Ill. Rev. Stat. 1981, ch. 110, par. 2 — 405(a).) Section 2 — 406(a) further provides that if a person, not a party, has an interest or title which the judgment may affect, the court shall, in application, direct such person to be made a party. We do not find the Plan subject to joinder under these provisions.
 

 The Plan clearly has no interest or title which the judgment in the dissolution proceedings can affect. The judgment in the dissolution proceedings deals with the division of property rights between the spouses; the husband who is bound by the decree can be required under the court’s continuing jurisdiction to pay out as directed to the wife. The Plan has no liability except to perform its fiduciary duties to its participant. The duties which it must perform are not questioned or involved in the dissolution proceedings. The Plan is not concerned with what percentage of the proceeds will be due by the husband to the wife as found in the dissolution decree.
 

 The fact that the Plan holds an asset which becomes, upon dissolution of a marriage, subject to allocation of property rights between the spouses does not qualify it as an indispensible party to the suit between the spouses. An indispensible party has been defined as one whose presence in the suit is required "(1) to protect an interest which the absentee has in the subject matter of the controversy which would be materially affected by a judgment entered in his absence [citations]; (2) to reach a decision which will protect the interests of those who are before the court [citations]; or (3) to enable the court to make a complete determination of the controversy.” (Lain v. John Hancock Mutual Life Insurance Co. (1979), 79 Ill. App. 3d 264, 269.) Without the presence of the Plan the court is able to protect the interests of the parties before it by making a complete division of the property. The Plan has no interest to protect which requires it to be before the court. The wife has made no showing that she will not be able to receive the funds when the payments are made, only that she may have to pursue her remedy against the husband at that time.
 

 To the contrary, courts customarily treat pension rights in dissolution without joinder of the particular plan. In an appropriate case, the court can reduce the pension plan to present value and award an offsetting value of money or property to the nonemployee spouse. (In re Marriage of Bentivenga (1982), 109 Ill. App. 3d 967, 974.) In other cases, the court can order the employee spouse to pay the allocated portion of the fund, as disbursed, directly to the nonemployee spouse, retaining jurisdiction to enforce the decree. (In re Marriage of Hunt (1979), 78 Ill. App. 3d 653, 663.) In either instance the court is not interfering with contract rights existing between the employee and the pension plan.
 

 In re Marriage of Peshek (1980), 89 Ill. App. 3d 959, cited by Ann, does not support the argument that joinder of the Plan is appropriate. In Peshek, it was necessary to make the land trust, which had at some time during the marriage owned property of the husband and the wife, a party because it appeared that at the time of dissolution part of that property may have been transferred to other parties in possible violation of the wife’s rights. The trial court thus had to resolve the validity of the land trust and claims by third parties in order to determine the marital asset to be divided. Here there is no dispute as to the pension assets or the validity or interpretation of the pension trust; and there are no claims of third parties to resolve.
 

 The Plan further argues that by the terms of the pension contract and the applicable Illinois law regulating trusts and garnishments, it would be exposed to liability from its former employee and would be in violation of law if it agreed to the court’s order as a matter of convenience.
 

 We agree. Section 3.11 of the Plan document provides in substance that no pension benefit under the Plan shall be subject to alienation, encumbrance, or transfer, nor liable for or subject to debts or liabilities of the participant. This provision has been held valid and enforceable as against familial obligations. (Dinwiddie v. Baumberger (1974), 18 Ill. App. 3d 933, 936.) In Dinwiddie, section 49 of the then Chancery Act (Ill. Rev. Stat. 1971, ch. 22, par. 49) provided in substance that a trust created in good faith by, or proceeding from some third person other than the beneficiary is excepted from discovery or execution. This section has been held declarative of the common law. (Stirlen v. Jewett (1897), 165 Ill. 410, 414.) The same section was subsequently transferred to “An Act to regulate the practice of courts in granting equitable relief” as section 49. (Ill. Rev. Stat. 1979, ch. 110, par. 399.) Section 49 has now been incorporated into section 2 — 1402 of the Illinois Code of Civil Procedure. (Ill. Rev. Stat. 1981, ch. 110, par. 2 — 1402.) While the particular language found in the former supplemental proceeding sections excepting trusts is not found in the new Code of Civil Procedure section,
 
 [1]
 
 there is a provision that the “rights of any adverse claimant shall be asserted and determined pursuant to the law relating to garnishment proceedings.” Ill. Rev. Stat. 1981, ch. 110, par. 2 — 1402(e).
 

 Under the present sections 12 — 704 and 12 — 804 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, pars. 12 — 704, 12 — 804), benefits payable by pension or retirement funds are exempt from garnishment or wage deduction. This follows the previous provisions in “An Act in regard to Garnishment ***” and “An Act relating to wage deductions ***.” Ill. Rev. Stat. 1979, ch. 62, pars. 33.2, 73.1.
 

 In summary, Ann Degener cannot properly be considered a co-owner of the trust benefits. Under the Marriage and Dissolution of Marriage Act the pension fund can be made the subject of division of the marital property. It does not follow that statutory provisions governing the exemption of pension benefits from garnishment or wage deduction or the provisions of the pension contracts may be disregarded. See Kujawinski v. Kujawinski (1978), 71 Ill. 2d 563, 574; In re Marriage ofPapeck (1981), 95 Ill. App. 3d 624, 630.
 

 The Fund notes that it is governed by the Federal Employee Retirement Income Security Act of 1974 (ERISA) and that this preempts State law to the extent it is related to employee benefit plans. (29 U.S.C. sec. 1144(a) (1976).) ERISA also requires that the Plan benefits be nonassignable and nonalienable. (29 U.S.C. sec. 1056(d)(1) (1976).) We recognize, as Ann Degener points out, that ERISA has been interpreted as designed to protect individuals from their own improvidence and to assure financial security for employees and their families. (Carpenters Pension Trust v. Kronschnabel (C.D. Cal. 1978), 460 F. Supp. 978, aff’d (9th Cir. 1980), 632 F.2d 745, cert, denied (1981), 453 U.S. 922, 69 L. Ed. 2d 1004, 101 S. Ct. 3159. See also Stone v. Stone (N.D. Cal. 1978), 450 F. Supp. 919.) We see no conflict here in the general policy that interests in benefits should be available to the participant and available for family obligations. In fact, cases which have been cited which hold that pension benefits acquired during the marriage are marital property perform that function. Cases cited by Ann Degener which purport to allow garnishment of pension benefits (Operating Engineers’ Local 428 Pension Trust Fund v. Zamborsky (9th Cir. 1981), 650 F.2d 196; American Telephone & Telegraph Co. v. Merry (2d Cir. 1979), 592 F.2d 118) involve enforcement of garnishment law which, unlike Illinois, do not exempt pension funds from garnishment.
 

 We are mindful that as a matter of public policy a strong argument can be made for a simple remedy to ensure the direct payment of pension benefits to a spouse in an amount allocated in a dissolution decree so as to avoid entangling the parties directly in unpleasant, expensive and difficult matters of future collection. We can find no way, however, to sanction the method employed by the trial court toward this end. To approve this we believe that we would have to disregard equally strong public policy expressed in legislative enactments approving non-alienation and spendthrift provisions and exempting pension funds from garnishment or wage deduction. If this is to be done and an exception carved out for spouses who are in the process of a dissolution of marriage, the problem should be further addressed by the legislature.
 

 The judgment of the circuit court of Lake County is reversed.
 

 Reversed.
 

 UNVERZAGT and HOPF, JJ., concur.
 

 [1]
 

 The omitted language providing that the court cannot order satisfaction of judgment out of judgment debtor’s trust property if the “trust has, in good faith, been created by, or the fund so held in trust has proceeded from, a person other than the judgment debtor” has been added by Public Act 83 — 314 as new paragraph 2 — 1403 to chapter 110, effective September 14, 1983. (1983 Ill. Laws 1779.) The omission appears to have been inadvertent.